UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CIRINA JUSTO MARIANO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ENRIQUE VALENCIA VILLA,<br><br>Defendant. | Case No. 5:16-cv-03467-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM CHARGING ORDER AND MOTION TO QUASH PLAINTIFFS' SUBPOENA**<br><br>Re: Dkt. No. 85 |

Before the Court is Non-Parties Enrique P. Villa, Javier Villa, And Rigoberto Villa's Motion For Relief From Charging Order And Motion To Quash Plaintiffs' Subpoena For Records To El Rancho Liquors. Dkt. No. 82. The Court has considered the parties' papers and heard their oral arguments. For the reasons discussed below, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

**I.  Background**

On July 27, 2017, Plaintiffs obtained a default judgment against Defendant Enrique V. Villa (the "Judgment-Debtor") in the amount of nearly $3 million. Dkt. No. 69 (the "Judgment"). Plaintiffs have yet to collect any of the judgment from Judgment-Debtor.

As part of their efforts to collect part of the Judgment, Plaintiffs filed a motion for order to charge Judgment-Debtor's interest ("Charging Order") in El Rancho Liquors, a general partnership (the "Partnership"). Dkt. No. 77. On April 14, 2020, the Court granted Plaintiffs' Charging Order and issued an order to charge Judgment-Debtor's Partnership interest. Dkt. No. 80. The Charging Order provides in part, "[b]ecause Judgment-Debtor Enrique [V.] Villa has a

Case No.: 5:16-cv-03467-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM CHARGING ORDER AND MOTION TO QUASH PLAINTIFFS' SUBPOENA
1

one-third Partnership interest [in El Rancho Liquors], the Partnership must directly pay Plaintiffs at least one-third of any of the Partnership's distributions, profits, or income." Dkt. No. 80, ¶ 3.

On May 5, 2020, Plaintiffs personally served the Partnership with a subpoena to produce documents, information, or objects related to Judgment-Debtor's Partnership interest, including tax returns, bank statements, and other financial records as well as any communications or agreements with Judgment-Debtor. Dkt. No. 83-9.

Nonparties Enrique P. Villa ("Enrique P."), Javier Villa, and Rigoberto Villa (collectively, the "Partners") now move this Court for relief from the Charging Order, on the grounds that the Judgment-Debtor no longer has an interest in the Partnership and has not had any interest since 2016 when he transferred his interest to his son, Enrique P. Dkt. Nos. 82-85. The Partners claim that they are the sole partners of the Partnership and argue that the Partnership should not be required to satisfy the debts of Judgment-Debtor. The Partners further seek to quash the subpoena, arguing that it is overbroad and seeks information that is private and irrelevant to the enforcement of the judgment.

## II. Discussion

"Reconsideration of a final judgment, order, or proceeding is appropriate if the district court [] is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Narcisse v. Tafesse*, No. 5:16-CV-00682-EJD, 2019 WL 4417635, at *2 (N.D. Cal. Sept. 16, 2019) (citing *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* Fed. R. Civ. P. 60(b) (listing grounds for reconsideration of an order).

The Partners have presented new evidence indicating (1) that Judgment-Debtor's interest was never one-third, but rather was 23%, and (2) that he no longer has an interest in the Partnership at all. Specifically, the Partners submitted a purported "Transfer Agreement" between Enrique P. and Judgment-Debtor, Enrique P.'s K-1 forms from 2016-2019 showing that he holds a 23% interest, Judgment-Debtor's 2016 K-1 form showing that his interest was reduced from 23%

Case No.: 5:16-cv-03467-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM CHARGING ORDER AND MOTION TO QUASH PLAINTIFFS' SUBPOENA

2

to 0%, and declarations from each of the Partners asserting that Judgment-Debtor has no interest in the Partnership. *See* Dkt. Nos. 83; 93. Plaintiffs dispute the authenticity of the Transfer Agreement and the credibility of the declarations. Plaintiffs also argue that even if Enrique P. currently owns 23% of the Partnership, none of the evidence provided proves that Judgment-Debtor has no interest in the other 77% of the Partnership.

The Court does not reach any conclusions about the credibility of the evidence at this stage. In light of the newly presented evidence, the Court finds it appropriate to amend the existing Charging Order to clarify that Plaintiff is only entitled to money that otherwise would have been due to Judgment-Debtor pursuant to his interest, whether that interest is one-third, 23%, or nothing. If after further investigation it is determined that Judgment-Debtor has no interest in the Partnership, the Partnership need not pay Plaintiffs any money.

The Court further finds that Plaintiffs are entitled to post-judgment discovery from the Partners and the Partnership in order to determine whether and to what extent Judgment-Debtor has an interest in the Partnership. "A Rule 45 subpoena is subject to the relevance requirements set forth in Rule 26(b). Although the party who moves to quash has the burden of persuasion under Rule 45(c)(3), the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *EON Corp. IP Holdings v. T-Mobile USA, Inc.*, 2012 WL 1980361 (N.D. Cal. June 1, 2012). "While discovery is a valuable right and should not be unnecessarily restricted . . ., the 'necessary' restriction may be broader when a nonparty is the target of discovery." *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980).

Plaintiffs' subpoena includes categories of documents that are targeted at discovering both Judgment-Debtor's interest in the Partnership, as well as the value of that interest based on the Partnership's financial records. Given the uncertainty about whether Judgment-Debtor has an interest in the Partnership at all, the Court finds it appropriate to modify the subpoena in order to limit the request to documents that are relevant and material to determining the Partnership's

1  ownership. Plaintiffs may seek further discovery related to the Partnership's finances if it is
2  determined that Judgment-Debtor indeed has an interest in the Partnership.

### III. Conclusion and Order

The Court, therefore, **GRANTS IN PART and DENIES IN PART** the Partners' motion for relief from the Charging Order and to quash the subpoena, and modifies the Charging Order and the subpoena as follows.

IT IS HEREBY ORDERED THAT

1. The partnership interest, if any, of Judgment-Debtor Enrique Villa in the General Partnership that operates El Rancho Liquors, with the address of 1401 Almaden Road, San Jose, CA 95125, is hereby charged with the unpaid balance of the Judgment.
2. The Partnership must directly pay Plaintiffs any money that otherwise would have been due to Judgment-Debtor. These payments must continue until the amount remaining due on the Judgment, plus accrued interest and costs thereon, is paid in full. This includes but is not limited to all distributions, profits or income that Judgment-Debtor is entitled to from the Partnership.
3. Until the Judgment is paid in full, Judgment-Debtor has no right to take money, including but not limited to all distributions, profits or income that Judgment-Debtor is entitled to from the Partnership.
4. This modified Charging Order constitutes a lien on the Partnership interest, if any, of Judgment-Debtor in the Partnership.
5. The subpoena issued by Plaintiffs on May 5, 2020 shall be modified to request only:
   a. All Schedule K-1 forms filed by the general partners of the Partnership, from June 1, 2016 to the present.
   b. All agreements between any of the general partners of the Partnership or the

Partnership and Judgment-Debtor from June 1, 2016 to the present.

c. All payments made by any of the general partners of the Partnership or the Partnership to Judgment-Debtor from June 1, 2016 to the present.

d. All communications between the general partners of the Partnership or the Partnership and Judgment-Debtor regarding the Partnership from June 1, 2016 to the present.

**IT IS SO ORDERED.**

Dated: July 2, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-03467-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM CHARGING ORDER AND MOTION TO QUASH PLAINTIFFS' SUBPOENA

5